IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HEALTH KING ENTERPRISE, INC., an Illinois corporation, XINGWU LIU, an individual, and JOANNE LIU f/k/a LINGJUAN LIU, an individual, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 19 C 1878 |
| DALIAN HEALTH KING PRODUCTS CO., LTD., a Chinese Limited Company, HEALTH KING USA, INC., a California Corporation, and LIWEN SU, an individual, | ) ) ) ) ) ) | Judge John Z. Lee |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Health King Enterprise, Inc. ("Enterprise"), Xingwu Liu, and Joanne Liu have sued Dalian Health King Products Co., Ltd. ("Dalian"), Health King USA, and Liwen Su for, among other things, breach of contract and tortious interference with prospective economic advantage under Illinois law. Defendants have moved to dismiss these counts of the amended complaint for failure to state a claim.[1] For the reasons below, the motion is granted.

---

[1] Dalian also moves to dismiss Defendant Liwen Su for lack of personal jurisdiction, and Enterprise does not oppose the dismissal. Accordingly, Su is dismissed as a defendant.

## I.    Factual Background[2]

Dalian makes and sells Chinese herbal teas.  Am. Compl. ¶ 30, ECF No. 32. Enterprise is a wholesaler and retailer of Chinese herbal remedies, including herbal teas and dietary supplements.  *Id.* ¶ 16.  For many years, Dalian and Enterprise were parties to various distribution agreements, whereby Dalian provided herbal teas to Enterprise, and Enterprise distribute them on an exclusive basis to its customers, who were downstream distributors.

The 2002 distribution agreement ("Agreement") provided:

> [Enterprise] agrees to be the only principal distributor in the U.S. for [Dalian] herbal tea bags for a set term. During the term, [Enterprise] agrees not to sell the same products from other companies, or products from companies that are directly competitive in nature in the agreed regions, and [Dalian] agrees not to sell any of its other products that directly compete against [Dalian] herbal tea bags to other distributors or retail sellers in the agreed timeframe and regions.

*Id.*, Ex. 15, Agreement ¶ 1, ECF No. 32-15 ("Exclusivity Provision").  The Agreement had a term of eight years, renewable by consent of the parties, *id.* ¶ 2, and the parties agreed to renew the Agreement in 2010.  *See* Am. Compl. ¶ 34.  On October 22, 2018, Dalian and Enterprise mutually agreed to terminate the Agreement.

Plaintiffs allege that, in March 2017, Dalian's agent, Liwen Su, contacted Palko Services ("Palko"), one of Enterprise's customers, stating that Dalian "want[s]

---

[2]    On a motion to dismiss, the court "accept[s] as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff."  *Heredia v. Capital Mgmt. Servs., L.P.*, 942 F.3d 811, 814 (7th Cir. 2019).

2

to be [the] new supplier with your team." *Id.*, Ex. 16, 3/18/17 Email from L. Su to G. Carlton, ECF No 32-16. Su also asked, "What is the threshold?" *Id.*

What is more, in July 2018, Dalian solicited other Enterprise's customers and asked them to purchase Dalian herbal teas directly from another distributor, Defendant Health King USA. Am Compl. ¶ 75. By way of example, Su contacted an Enterprise customer on July 11, 2018, stating that, as of October 2018, Enterprise would no longer be a Dalian distributor. *Id.*, Ex. 17, 7/11/18 Email from L. Su to M. Singh, ECF No. 33.

According to Plaintiffs, Dalian's solicitation of Palko and other customers prior to the termination of the Agreement violated the Exclusivity Provision. In addition, Plaintiffs allege that Dalian's communication with these customers constitutes tortious interference with prospective economic advantage.

## II. Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in the complaint must at least "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In reviewing Dalian's motion to dismiss, the Court must accept as true all well-pleaded allegations in the complaint and draw all possible inferences in the plaintiff's favor. *See Heredia*, 942 F.3d at 814. At the same time, legal conclusions are ordinarily "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

3

For that reason, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

### III. Analysis

#### A. Breach of Contract (Count X)

Defendants seeks the dismissal of Count X, arguing that the Exclusivity Provision in the Agreement did not prohibit Dalian from soliciting other potential distributors in preparation for the termination of the Agreement.

"Under Illinois law, a plaintiff looking to state a colorable breach of contract claim must allege four elements: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (internal quotation marks omitted).[3]

Plaintiffs concede they have not alleged that Dalian sold its products to Palko or any another potential distributors during the term of the Agreement. Rather, they contend that "one can readily infer that Defendants had the desire and intent of breaching the agreement" from the fact that solicitation occurred. Pls.' Opp'n Defs.' Mot. Dismiss ("Pls.' Resp.") at 4, ECF No. 50. But absent an actual sale, Dalian did not breach the Agreement by inquiring about other possible distributors. And Dalian's mere solicitation of potential distributors, in and of itself, does not create a reasonable inference of an actual sale. *Cf. Rhino Linings USA, Inc. v. Harriman*, 658

---

[3] Because the Court grants Defendants' motion to dismiss on this ground, it need not address alternate arguments in support of the motion to dismiss this claim. *See Duthie v. Matria Healthcare, Inc.*, 540 F.3d 533, 542 (7th Cir. 2008).

4

F. Supp. 2d 892, 901 (S.D. Ind. 2009) ("Few contracts last forever; Rhino was entitled to look to future choices if Harriman might falter, just as Harriman was free to explore other business options for himself.").

Because Plaintiffs have not alleged that Defendants breached the Agreement, Defendants' motion to dismiss is granted.

### B. Tortious Interference with Prospective Economic Advantage (Count XI)

Next, Defendants move to dismiss Plaintiff's claim of tortious interference with a prospective economic advantage. To support such a claim, a plaintiff must allege "1) the plaintiff's reasonable expectation of entering into a valid business relationship; 2) the defendant's knowledge of the plaintiff's expectancy; 3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from being fulfilled; and 4) damages to the plaintiff resulting from the defendant's interference." *Delloma v. Consolidation Coal Co.*, 996 F.2d 168, 170–71 (7th Cir. 1993) (citing *Fellhauer v. City of Geneva*, 568 N.E.2d 870, 878 (Ill. 1991)).

According to Plaintiffs, Dalian knew that Enterprise's customers purchased Dalian products exclusively from Enterprise and that they had done so for many years. Am. Compl. ¶¶ 145, 146. As Plaintiffs see it, Dalian intentionally interfered with Enterprise's business relationship with these customers by contacting them to inquire about whether they would be willing to purchase directly from Dalian or another distributor. *Id.* ¶ 148.

In response, Defendants contend that Plaintiffs have failed to allege that Enterprise had a reasonable expectation of entering into a valid business relationship

5

with its customers for the purpose of selling Dalian products once the Agreement was terminated. Furthermore, they argue that Plaintiffs have not alleged that Dalian interfered with any business expectancy, either by selling Dalian products directly or through another distributor. The Court agrees.

Missing from the amended complaint is any allegation that an Enterprise customer ceased or decreased their purchase of Dalian products from Enterprise during the pendency of the Agreement. And, as noted above, Dalian's solicitation of potential new distributors is not enough to create a reasonable inference that Dalian in fact sold its products to Enterprise's customers prior to October 2018. This is especially true given Plaintiffs' acknowledgement that Su told at least one customer that Enterprise would no longer be Dalian's distributor *after October 2018. Id.*, Ex. 17, 7/11/18 Email from L. Su to M. Singh, ECF No. 33; *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

For these reasons, Defendants' motion to dismiss Count XI also is granted.[4]

---

[4] Defendants also move to dismiss the tortious interference claim because Plaintiffs have failed to allege actual malice. Under Illinois law, a defendant may invoke the affirmative defense of "competitor's privilege" to defeat a tortious interference with prospective economic advantage claim. *Gen. Elec. Co. v. Uptake Techs., Inc.*, 394 F. Supp. 3d 815, 836 (N.D. Ill. 2019); *see Gen. Motors Corp. v. State Motor Vehicle Review Bd.*, 862 N.E.2d 209, 220 (Ill. 2007). Once the affirmative defense is raised, the plaintiff must show actual malice. *Delloma*, 996 F.2d at 170. "[A]ctual malice is not a relevant concern until the qualified privilege has been found to apply." *Id.* (internal quotation marks omitted). Defendants have not answered the amended complaint, and, therefore, the affirmative defense of competitor's privilege has not been raised. As a result, Plaintiffs were not required to plead actual malice, *see Gen. Elec.*, 394 F. Supp. 3d at 836 ("[C]ompetitor's privilege is an affirmative defense that a complaint need not plead around or anticipate."), and the Court declines to dismiss Count XI on this ground.

## IV. Conclusion

For the above reasons, Defendants' motion to dismiss Counts X and XI is granted. Defendant Liwen Su is dismissed as a defendant. To the extent that Plaintiffs are able to cure the deficiencies set forth above within the confines of Fed. R. Civ. P. 11, they are granted leave to file a second amended complaint within fourteen days.

**IT IS SO ORDERED.**  ENTERED  3/6/20

_____
**John Z. Lee**
**United States District Judge**